# Neale *against* The Overseers.

Where a public officer seeks to enforce a legal right by action, he must be able to show that he has duly qualified himself to act, but when a stranger seeks to recover from a public officer, as such, it is only necessary for him to show that he was an officer *de facto*.

ERROR to the common pleas of *Armstrong* county.

This was an action of *assumpsit* by Dr Samuel S. Neale against the Overseers of the Poor of Alleghany township, to recover a compensation for medical services rendered to a pauper at the special instance and request of the overseers; and, to maintain the issue on his part, the plaintiff offered in evidence the written request of Daniel Naugle, one of the overseers of the township, to the plaintiff to attend the patient, who was a pauper. The defendants objected to the evidence, on the ground that Daniel Naugle, although elected an overseer, had never been sworn before undertaking the duties of the office. The court rejected the evidence.

The opinion of the Court was delivered by

HUSTON, J.—The reason of rejecting the paper offered in evidence, does not appear on the record; but it seems from the argument here, to have been because the overseer had not been sworn before undertaking the office.

Where an officer sues as such, he must in general prove that he is legally entitled, by having qualified himself according to law; but

[Neale v. The Overseers.]

where he has acted as an officer and is sued, or the township, as in this case, is sued, the plaintiff is not bound to do more than show he was elected and acted as such. Riddle *v.* Bedford, 7 *Serg. & Rawle* 392.

What would have been shown, if this paper had been admitted, we know not; it was one link in the chain of evidence proper to be exhibited, and offered in its proper place, and to reject it was error.

Judgment reversed, and a *venire de novo* awarded.