## Turner, Appellant, *v.* Richards.

*Fence law—Township auditors—Fence viewers—Practice, C. P.—Acts of March 11, 1842, P. L. 62, and April 14, 1905, P. L. 162.*

Township auditors when acting as fence viewers have judicial functions but do not constitute a court, nor is their decision subject to appeal. No particular form is made essential to the validity of their report. Where their duty has been substantially performed, their certificate has all the force intended by the statute.  The auditors are not required to measure the length of the fence, but may adopt the measurement made by the township supervisors.  It is not necessary that they should deliberate and consult together as to the length of the fence since that is a matter not requiring an exercise of judgment; nor is it necessary that their report be prepared at the time of the view, nor that all sign at one time.  The report of the viewers is not invalid because it was handed to the parties instead of a justice of the peace, and was not filed with the justice until twelve days after the view.

The imposition of costs on a defendant by fence viewers does not affect the validity of their report.  The costs are fixed by statute, and no discretion is placed in the viewers with reference thereto in the Act of April 14, 1905, P. L. 162.

Argued May 16, 1907.   Appeal, No. 24, April T., 1907, by plaintiff, from judgment of C. P. Mercer Co., Oct. T., 1905, No. 97, for defendant non obstante veredicto in case of Henry

Turner v. Anna R. Richards.   Before RICE, P. J., HENDERSON, ORLADY, HEAD and BEAVER, JJ.   Reversed.

Appeal from judgment of justice of the peace.   Before WIL-LIAMS, P. J.

The case orignated before the justice in the report of township auditors acting as fence viewers.

The report of the viewers was as follows :

" We, the undersigned, auditors of Cool Spring township, Mercer county, Pa., after having duly qualified as fence viewers, went on the grounds, pursuant to a notice in writing served on us by Henry Turner, and viewed the line or division fence between said Henry Turner and Anna R. Richards, and we find that the portion, or half, of said fence, consisting of $39\frac{1}{33}$ rods, already erected by said Henry Turner, to be a sufficient and lawful fence as a line or division fence ; and that the other portion, or half, of said fence, consisting of $39\frac{1}{33}$ rods, to be insufficient as a line or division fence.   Said fence is located on the north side of the farm of said Anna R. Richards, and begins at a point on the W. N. Y. & P. R. R., and runs to a point or corner where the land of said Henry Turner and said Anna R. Richards and Mary J. Turner all join, and the direction of said fence is east and west.   We further find that said fence cannot be repaired, and that it is necessary to build a new fence of $39\frac{1}{33}$ rods, specified above, and fix the probable cost of building said new fence at $21.00.   And in case said Anna K. Richards shall not build said fence mentioned above within the time required by law, then we adjudge and award to said Henry Turner the sum of $21.00, above mentioned, as the probable cost of building said fence, in case he shall build the same.   And we further adjudge the said Anna R. Richards to be delinquent, and award against her the lawful costs of this view."

Verdict for plaintiff for $21.00.   The court subsequently entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Joseph W. Nelson*, with him *W. C. Pettit*, for appellant.— There was a sufficient compliance by township auditors, act-

ing in the capacity of fence viewers, with the Act of April 14, 1905, P. L. 162: Shriver v. Stephens, 20 Pa. 138; Barber v. Mensch, 157 Pa. 390; Evans v. Jayne, 23 Pa. 34; Rohrer v. Rohrer, 18 Pa. 367.

Where action is required to be taken within a certain time, the mere failure of a public officer or a public body to act within the set time is not fatal, and the requirement as to time may be held directory: Walker v. Edmonds, 197 Pa. 645.

*S. H. Miller,* for appellee.

OPINION BY HENDERSON, J., October 7, 1907:

The plaintiff's action had its origin in the omission of the defendant to build her part of the fence on the division line of the lands of the parties. The plaintiff notified the township auditors of the defendant's neglect and these auditors in their capacity as fence viewers examined the division fence and made out a report to T. W. McClain, Esq., a justice of the peace of the county. This report shows that the plaintiff had erected half of the division fence; that the other half was insufficient; that it could not be repaired; that it was necessary to build a new fence and that the length of the portion to be built was thirty-nine and one thirty-third rods. The probable cost of building the fence was fixed at $21.00. The report further adjudged that the defendant was delinquent and that she pay the costs of the view. The defendant having failed to build her part of the fence after notice from the justice with whom the report was filed the plaintiff built the fence and brought his action to recover the cost thereof. The report of the viewers was in strict conformity to the provisions of the Act of April 14, 1905, P. L. 162, and exhibits a prima facie liability of the defendant for the cost of the fence. The report was filed with the justice June 13, 1905. It appeared at the trial that the view was had on the first day of that month and that the auditors gave to the adjoining owners a certificate prepared in accordance with the provisions of the Act of March 11; 1842, P. L. 62, the auditors not being aware at that time that the act of April 14, 1905, had been passed. Between that time and the thirteenth of the same month the plaintiff caused the

report to be prepared which was filed with the justice and obtained the signatures of the auditors to it separately. It was contended by the defendant that after the auditors separated on June 1, no action could be taken by them unless they reassembled and as the report of June 13 was not signed while they were together it was invalid and not admissible in evidence and that the plaintiff was, therefore, not entitled to recover. The learned trial judge took this view of the case and entered judgment for the defendant non obstante veredicto. Two questions are presented for our consideration : (1) was the report of the auditors filed with the justice in substantial compliance with the act of 1905; and (2) if it was defective for any reason may the plaintiff maintain his action on parol proof of the cost of the fence? The act of 1842 constituted the board of township or borough auditors a sort of pie-poudre tribunal with authority to investigate and summarily determine controversies in regard to the erection of division fences. The purpose of the enactment was to provide a means of disposing of such questions expeditiously and with slight cost to the parties interested. The auditors when acting as viewers have judicial functions but do not constitute a court, nor is their decision subject to appeal. This duty of the auditors has for a long time been looked upon with favor by the legislature and the courts, and the statute relating to their action should be interpreted as far as possible in support of their proceedings. No particular form is made essential to the validity of their report and it has, therefore, been held that where their duty has been substantially performed their certificate should have all the force intended by the statute : Shriver v. Stephens, 20 Pa. 138. The important matter is that the substance of the things required of them be done. Under the act of 1842 they were directed to view and examine the fence and to make out a certificate in writing setting forth whether in their opinion the fence, if one has already been built, is sufficient and, if not, what proportion of the expense of building a new or repairing the old fence should be paid by each party. They were also to set forth the sum which each party ought to pay to the other in case he shall repair or rebuild his portion of the fence and a copy of this certificate was to be delivered to each of the parties. The act of 1905 requires the viewers to examine the division fence and

if they find it insufficient they are to report to a justice of the peace residing in the county whether a new fence is required or whether the old one can be repaired, and designate points and distances of such fence with the probable cost of a new fence or the repair of the old fence. The justice is required to notify the delinquent owner of the auditors' report and if the latter fail to erect or repair, as the case may be, within forty days from the date of such notice the aggrieved party may cause the fence to be erected or repaired and the cost thereof collected from the delinquent owner as other debts are collected by law. The latter act differs from the former with respect to the action of the viewers in that they report to a justice of the peace of the county and in their report designate the points and distances of the fence. All of the essential requirements of the act were taken into consideration by the viewers as indicated by their report and as shown by the parol evidence offered at the trial. They viewed the fence, determined that the part built by the plaintiff was a sufficient fence and that the other half was not sufficient, that it could not be repaired and that the probable cost of building it would be $21.00. The fence in question extended from the W. N. Y. & P. R. R. to a corner where the lands of the plaintiff and defendant and Mary J. Turner join. One-half of this had already been built by the plaintiff. The auditors did not measure the length of the fence, but adopted the measurement which two of the supervisors of the township had taken. Their report also imposed the cost on the defendant. That the duty of the auditors must be discharged in consultation is undoubtedly true. Many cases hold that consultation and deliberation are necessary to the proper discharge of their duties by such officers, but this obligation only applies to those matters with respect to which there may be an exercise of judgment and a difference of opinion as to the propriety of the course of action about to be adopted. As to those matters which do not require deliberation and consultation they may act separately or authorize someone to act for them as in the case of preparing their report. It is not necessary that their report be prepared at the time of the view nor that all sign at one time. It is only essential that their deliberative conclusions be agreed upon while they are together. The only particular as to which it is alleged the auditors did

not determine all the facts set forth in the report when they were on the ground is the designating " points and distances of such fence." They did, however, observe the points and distances of the fence and determine that half of it should be built by the defendant. They also saw that the fence began at a point on the railroad and extended to Mary Turner's corner. The ascertainment of the length of the fence to be built by the defendant was not a matter requiring deliberation and consultation. It was a fact to be determined by measurement which might be made by the viewers or by any person whom they might designate for that purpose or they might adopt the distance reported by a reputable person who had made the measurement. Deliberation and consultation could not fix nor change that distance. It was a mathematical fact ascertainable by a surveyor's chain or other method of measurement. The conditions on the ground disclosed to any observer the portion of the fence to be built by the defendant and all the subjects for consultation and deliberation were taken into account while the viewers were on the ground. This appears from the certificate which they gave to the parties at the time of the view. If they had included in that account the points and distances of the fence it would have covered all the facts to be reported by them. The signing of the report by the viewers was a ministerial act and if the report correctly set forth the result of their deliberation it is not invalid because the auditors were not all together when they attached their signatures. The essential thing was the view and a determination whether a fence was necessary and what would be its probable cost. No time is fixed by the statute within which the report must be presented to the justice of the peace and it was not invalid because filed twelve days after the view. Even if the act had fixed a time within which the report must be filed, a report filed at a later date would not have been invalid in the absence of negative words in the statute : Walker v. Edmonds, 197 Pa. 645. It is true the viewers did not know at the time of the view that the report must be made to a justice of the peace, but they nevertheless had jurisdiction of the subject and if they found the facts required by the act of 1905, their report was a compliance with the requirements of that statute. Nor is the report affected by the action of the viewers in giving the certifi-

cates to the parties as provided for in the act of 1842. They were not required to give such certificates, but their misapprehension of the law does not affect their power nor render void the report which they afterward made. Even if the length of the fence was improperly inserted the report ought not to be rejected on that account. The requirement of the statute with reference thereto should be considered directory and the fact might be shown by parol. There is no pretense that the distance is in dispute and we think the plaintiff should have been permitted to prove the fact if the auditors had omitted it from their report. It is not to be expected that fence viewers in all cases will have the expertness and knowledge of the law to make a report which will stand legal criticism, but where its substance shows the delinquency of an adjoining owner it ought to be upheld if the facts support it : Shriver v. Stephens, supra.

The imposition of the costs on the defendant by the auditors does not affect the validity of their report. The costs are fixed by statute and no discretion is placed in the auditors with reference thereto in the act of 1905. Moreover, the plaintiff only recovered the actual cost of the construction of the fence.

We conclude that the report of the auditors to the justice of the peace was a valid exercise of their authority. This view of the case renders it unnecessary to discuss the question whether the plaintiff could recover the cost of the fence built for the defendant irrespective of the report of the viewers. Shriver v. Stephens, supra, goes a long way in that direction if it does not expressly so decide. It was there held that a defective certificate did not deprive the plaintiff of a right to recover. He could not introduce the certificate as evidence in his favor, but might otherwise prove the value of the labor and material used in the construction of the fence.

We are of the opinion that the verdict was not open to impeachment because of the invalidity of the auditors' report and that the court was in error in entering judgment for the defendant non obstante veredicto.

The judgment is reversed and judgment is now entered for the plaintiff on the verdict.