# Carpenter, Appellant, *v.* Wolf.

*Line or partition fence — Procedure to recover cost — View — Notice—Act of April 14, 1905, P. L. 162.*

Although the Act of April 14, 1905, P. L. 162, relating to line or partition fences and the procedure to recover the cost thereof does not require any notice to be given of the view by township or borough auditors, it is common law that one whose rights are to be affected ought to have notice. The notice should be such as would enable the person to be affected, to be present from the beginning of the view and to hear all the witnesses produced and to present his own witnesses. Without proof that such notice was given there can be no recovery of the cost of the fence.

Argued November 9, 1920. Appeal, No. 185, Oct. T., 1920, by plaintiff, from judgment of C. P. Lancaster County, Oct. T., 1917, No. 53, for defendant non obstante veredicto in the case of Davis Carpenter v. Horace J. Wolf. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit to recover part of the expense of repairing a line fence. Before LANDIS, P. J.

The opinion of the Superior Court states the case.

Verdict for plaintiff in the sum of $21.20. Judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*B. F. Davis,* and with him *S. R. Weaver,* for appellant, cited: Turner v. Richards, 34 Pa. Superior Ct. 624; Kircher v. Sprenger, 4 Pa. Superior Ct. 38.

*John E. Malone,* for appellee.

OPINION BY TREXLER, J., April 18, 1921:

The parties to this action are the owners of adjoining properties, and suit is brought by one against the other to recover the cost of a portion of the partition fence between the properties. The proceedings were had under the Act of April 14, 1905, P. L. 162. That statute provides for the erection of line or division fences, and upon the failure of one of the owners to do his share in maintaining the fence, the other may notify the township or borough auditors, and if they find the fence insufficient, they make report to a justice of the peace. The act further provides that the justice of the peace shall notify the delinquent owner to repair the fence within forty days, and upon failure to do so, the aggrieved party may repair or erect the fence and collect the cost from the delinquent. There is but one question before us, and the whole case turns upon it. The defendant had no notice of the view. The act does not provide for such notice, but it was held in Shriver v. Stephens, 20 Pa. 138, which was a fence-view under the Act of April 11, 1842, P. L. 62, which act is very similar to the Act of 1905, that although the act does not provide for notice, nevertheless a certificate is void without such notice. We quote the language employed. "It is common law in every country, which no man of ordinary intelligence need to be taught, that a party whose rights are to be affected ought to have notice; and the want of it or its equivalent in a case of this sort would make the certificate void." See also Rutherford's Case, 72 Pa. 82.

The appellant aims to show that there was some kind of notice to the defendant. We have read the testimony with great care, and we can find nothing which shows that notice or its equivalent was given. There was a telephone conversation between one of the auditors and the defendant in which it is alleged that he was told that the auditors would meet for the purpose of viewing the fence, but this was not accompanied by any information as to the time. After the auditors had met and viewed the

premises, they went to see the defendant, and one of them had an animated discussion with him. It is useless to say that this was such notice as the defendant was entitled to. The notice should have been such as would have enabled him to have been present from the beginning of the view, to have heard any witnesses that were produced, and also to have had the opportunity to have witnesses present to testify in his behalf.

We think the court was right in the position it assumed that there was no proof that the defendant had notice, and this being so, there was no valid finding against him, and the action of assumpsit brought to recover the cost of the fence was without foundation in law.

Judgment affirmed.