## Rockwood Borough v. Rockwood Electric Company.

*Boroughs—Electric companies—Purchase of plant by borough—Damages —Assessment of damages—Appointment of viewers—Acts of May 14, 1915, and June 27, 1923.*

1. Section 44 of the General Borough Act of May 14, 1915, P. L. 312, as amended by the Act of June 27, 1923, P. L. 845, provides the method for the acquisition of the electric lighting property of corporations where the borough has expressed a willingness to buy and the corporation owning the electric lighting property has agreed to sell.

2. Where an electric lighting company constructs its plant under an agreement with a borough that at the end of a period specified the borough shall have the right to purchase the plant, and the borough subsequently exercises its right, but cannot agree with the electric company on the price to be paid, and the court appoints viewers at the instance of the borough, the electric company is without authority to protest against the appointment and it will not be stricken off by the court.

Rule to strike off appointment of viewers. C. P. Somerset Co., Dec. T., 1925, No. 131.

*Boose & Boose* and *C. L. Shaver,* for plaintiff; *Uhl & Ealy,* for defendant.

BERKEY, P. J., Feb. 8, 1926.—It appears from the pleadings in this proceeding that on April 18, 1903, an ordinance granting a franchise to the Rockwood Electric Company for the rights, privileges and powers necessary and convenient to construct, maintain and operate an electric light, heat and electric power system in the Borough of Rockwood, Somerset County, Pennsylvania, was adopted by the town council of said borough and approved by its burgess, wherein it was stipulated and provided, *inter alia,* as follows:

"Section V. Said borough shall have the privilege at the expiration of ten (10) years, upon the payment of the actual cost of said plant, its appliances and property, to purchase the same and this franchise from the owners for the use of the borough. If not purchased at the end of ten (10) years, this franchise shall extend to the use of the owners another period of five (5) years. The borough shall have the privilege of buying at the end of each fixed period of five (5) years thereafter."

On Oct. 5, 1925, the Borough of Rockwood presented its petition to the court, in which it alleges (1) that it is a municipal corporation; (2) that the Rockwood Electric Company is a corporation organized and existing under the laws of the State of Pennsylvania, for the purpose of supplying light, heat and power by means of electricity to the public in the Borough of Rockwood, and is now engaged in furnishing light to said borough and the inhabitants thereof; (3) that on Nov. 7, 1922, the increase of the indebtedness of said borough for the purchase of the plant of said corporation was duly authorized by the voters of said borough for the acquisition of the property

Rockwood Borough *v.* Rockwood Electric Company.

of the said Rockwood Electric Company; (4) that the town council of said borough, by ordinance approved April 8, 1923, declared its intention to purchase the property of the said Rockwood Electric Company, and declared its intention to purchase and acquire the said plant by written notice served upon the said Rockwood Electric Company, advising said company of its intention to acquire said property, but has been unable to agree with the majority of the stockholders as to the value of said property upon a fair and reasonable price for its property; (5) that on March 10, 1925, the petitioner obtained a certificate from the Public Service Commission of the Commonwealth of Pennsylvania evidencing its approval of the acquisition, maintenance and beginning of the exercise of the right to operate the Rockwood Electric Company for the purpose of furnishing light to said borough and its inhabitants.

The petitioner prayed for the appointment of viewers to assess the value of the plant of the Rockwood Electric Company, whereupon the court appointed from the board of county viewers three persons viewers to assess the value of the plant, and appointed Oct. 19th, at 10 o'clock A. M., as the time for the meeting of said viewers, of which ten days' notice was directed to be given to all parties in interest. The Rockwood Electric Company, Oct. 17, 1925, moved the court to strike off the appointment of viewers and vacate the same, alleging that there is no authority under the law to condemn an electric light plant owned by a private corporation, and to determine the value of the same through viewers appointed by the court; whereupon the court awarded a rule to show cause, &c., on the petitioner. The petitioner filed an answer denying the legal proposition set forth in the motion filed by the Rockwood Electric Company.

The foregoing facts are before the court on the pleadings, which clearly evince that, as to the facts, there is no dispute, leaving a question purely of law which must be resolved in favor of the petitioner. There would be much force in the position taken by counsel to strike off the appointment of viewers were it not for the section quoted from the ordinance of Rockwood Borough, approved April 8, 1903, by the terms of which the Rockwood Electric Company agreed to sell to Rockwood Borough at the expiration of ten years, or, if not purchased at the end of ten years, the privilege of buying should be accorded the said borough at the end of each fixed period of five years thereafter. Nothing appeared to have been done at the end of the ten-year period, nor at the end of the first five-year period, but about the ending of the second five-year period the municipality exercised its right under the ordinance. The Rockwood Electric Company accepted the terms of the ordinance enacted by the borough, built its works and operated them and enjoyed the privileges of its franchise, whereupon it agreed that it would sell its property to the borough "upon the payment of the actual cost of said plant, its appliances and property." This ordinance is strictly legal and binding upon the Rockwood Electric Company: United Light Co. *v.* Public Service Commission, 84 Pa. Superior Ct. 24, 31. The ordinance does not provide any method for the fixing of prices. The petitioner alleges that the municipal authorities and the Rockwood Electric Company have been unable to agree upon a price. The petitioner now invokes the procedure to fix said price under "The General Borough Act," approved May 14, 1915, P. L. 312, as amended by the Act approved June 27, 1923, P. L. 845.

Section 44 of the Act of May 14, 1915, P. L. 312, as amended by the Act of 1923, reads as follows: "Upon failure so to agree, the borough may present a petition to the Court of Common Pleas, asking for the appointment of viewers to assess the value of the plant and works so taken; whereupon the court

Rockwood Borough v. Rockwood Electric Company.

shall appoint three viewers from the county board of viewers, neither of whom shall be interested in such works, or be stockholders in such corporation, or taxpayers in such borough, and shall appoint a time for their meeting, of which ten days' notice shall be given to all parties in interest."

It is clear that this section and the succeeding sections of the General Borough Act, namely, sections 45, 46, 47, 48 and 49, do not apply to the taking of property by eminent domain, but are intended for the acquisition of electric lighting property of corporations where the municipal corporation has expressed a willingness to buy and the corporation owning the electric lighting property has agreed to sell: Northumberland County Gas and Electric Co. et al. v. Sunbury Borough, 8 Pa. Corp. Rep. 54; Reynoldsville Borough v. Water Co., 247 Pa. 26, 29.

The matter of purchase on the part of the municipality and the agreement to sell was entered into at the time of the approval of the ordinance by the municipality and the acceptance thereof by the Rockwood Electric Company, the time of purchase being merely postponed to specific periods.

Now, Feb. 8, 1926, for the reasons set forth in the foregoing opinion, rule to show cause why the appointment of viewers should not be stricken off is dismissed, at the costs of the Rockwood Electric Company; and the court hereby fixes Monday, Feb. 22, 1926, at 10 o'clock A. M., as the time for the meeting of said viewers, of which ten days' notice shall be given to all parties **in interest.**                From Mrs. Daryle R. Heckman, Somerset Pa.