## Solar Electric Company, Appellant, *v.* The Public Service Commission.

*Public Service Company Law—Public Service Commission—Action by Commission—Quorum.*

The action by a duly constituted quorum of The Public Service Commission is a valid exercise of the powers conferred upon the Commission under the Public Service Company Law. There is nothing in the Public Service Company Law which requires the Commissioner who has heard the testimony to be present when the evidence is reviewed and the case decided. In the taking of the testimony the Commissioner acts as an examiner; he presides to regulate the procedure in the taking of testimony, but there is nothing in the statute which makes necessary his presence at the determination of the case. The presumption is that the testimony is examined and all of the controverted points considered when the commission sits to hear the arguments on the law and evidence and when, after deliberation, a lawfully constituted quorum files its report, their action, so far as regularity is concerned, is effective.

*Public Service Company Law—Public Service Commission—Electric light companies—Purchase of—Acquisition by borough.*

The granting of a certificate of public convenience, evidencing the commission's approval of the acquisition by a municipality of an electric light plant, does not determine either the validity or the scope of subsequent proceedings. It evidences only preliminary approval by the Commission of the institution of a negotiation or procedure for

the attainment of the object sought.   No action leading to the acquisition of the property could be effectively undertaken until this approval has secured.   The time for action arrives only after such approval.

Argued April 16, 1926.   Appeal No. 121, April T., 1926, by Solar Electric Company, from order of the Public Service Commission of the Commonwealth of Pennsylvania, Application Docket No. 12,044, granting a certificate of public convenience evidencing the Commission's approval of an application of the Borough of Brookville for the acquisition of the plant and works of the Solar Electric Company.   Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Application by the Borough of Brookville for a certificate of public convenience evidencing the approval of the acquisition of the plant and works of the Solar Electric Company.

The facts are stated in the opinion of the Superior Court.

The Commission issued a certificate evidencing its approval of the acquisition by the Borough.   The Solar Electric Company appealed.

*Error assigned,* among others, was the order of the Commission.

*Raymond E. Brown,* for appellant.—The order was invalid, because at the date of its issuance the Public Service Commission was not organized and constituted in the manner provided by law:   Act of June 3, 1915, P. L. 779; Pennsylvania Railroad Co. v. Public Service Commission, 69 Pa. Superior Court 404; Wilcox v. Consolidated Gas Co., 212 U. S. 19; Bartolett v. Dixon, 73 Pa. 129; Paradise Road, 29 Pa. 20; In re: Towanda Bridge Co., 91 Pa. 216; Ebling v. Schuylkill Haven Boro., 244 Pa. 505.

*W. N. Conrad,* for Borough of Brookville, intervening appellee.

*Frank M. Hunter,* Special Counsel, and with him *John Fox Weiss,* Assistant Counsel, and *W. Y. Blanning,* Legal Assistant, for The Public Service Commission.

OPINION BY HENDERSON, J., July 8, 1926:

The appellant complains of the action of the Public Service Commission in granting a certificate of public convenience in approval of an application of the Borough of Brookville for the acquisition of the plant and works of the Solar Electric Company, a corporation, formed in 1897 "for the purpose of generating and manufacturing electricity, and the supplying of light, heat and power by means of electricity" to the public in the Borough of Brookville, and vicinity. The objections to that action are set forth in numerous assignments of error on which the argument of the appellant is based. The discussion has extended the controversy beyond the limits involved in the action of the commission. They relate to certain expressions of legal opinion contained in the report; to insufficiency in form of parts of the report; to the decision of the commission as set forth in the ninth assignment; to the conclusion that the Borough has a sufficient borrowing capacity to take over the property; to the limitation by the commission of its approval of the acquisition by the Borough of the "plant and works" of the appellant without reference to the "rights and franchises" of the corporation; and to the invalidity of the action of the commission for the reason that at the time of making the findings, determination and order appealed from, the Public Service Commission was not organized and constituted in the manner provided by law. As the last objection goes to the jurisdiction of the commission, it may be properly first considered. Four of the assignments bear on this proposition. It appears

that the evidence in the case was taken before Commissioner Shelby; that the arguments were heard by Commissioners Shelby, Benn, Stewart, Scattergood and Martin; and that before the case was decided the Governor undertook to dismiss Commissioners Benn and Shelby, and to appoint a new Commissioner, Mr. Wise, to fill one of the vacancies. The record of the Commissioners shows that at the session on November 17, 1925, on which action was taken on the case, Chairman Ainey and Commissioners Stewart, Scattergood, Evans and Martin were present. These members constituted a quorum competent to transact business, and the authority of each of them to sit in the hearing is not questioned. The presence of Mr. Wise, who was acting under the appointment from the Governor, in no wise affected the validity of the action then had. If his participation had been necessary to secure a quorum of the Board, this action could not be collaterally impeached for Mr. Wise was in possession of his office and discharging its duty under color of authority, having an appointment from the Governor. That in such situation his acts could not be declared void by indirect attack, is well decided: Neale v. Allegheny Twp., 5 Watts 538; Krickbaum's Contested Election, 221 Pa. 521. Further objection is made that the report should be set aside because Commissioner Shelby heard the evidence, saw the witnesses, observed their manner of testifying, and when the time came to make a decision in the case, did not participate in the findings. As the case did not involve any subject in which the manner and appearance of the witnesses were of special importance, that consideration may be passed even if under any circumstances it had merit. In the taking of the testimony, the commissioner acts as an examiner; he presides to regulate the procedure in the taking of testimony, but there is nothing in the statute which makes necessary his presence at the de-

termination of the case. The presumption is that the testimony is examined and all of the controverted points considered when the commission sits to hear the arguments on the law and evidence and when, after deliberation, a lawfully constituted quorum of the commission files its report, their action, so far as regularity is concerned, is effective. We do not find in the statute any provision that the commissioner who takes testimony in a case must be present when the evidence is reviewed and the determination of the commission had. The contention of the appellants on this point would have paralyzed the commission as an administrative agency during the pendency of the proceedings to determine the right of Mr. Shelby and Mr. Benn to the retention of their offices. No such result is required by the statutory regulation of procedure before the commission.

The next contention is that a borough has not authority to seize by eminent domain the property rights and franchises of a corporation of the character of the appellant. This question however is not necessarily involved in the present inquiry. The Public Service Company Law of 1913, in section 3 of article III, provides that upon the approval of the commission evidenced by a certificate of public convenience first had and obtained, and upon compliance with existing laws, and not otherwise, it shall be lawful for any municipal corporation to acquire any plant for the rendering or furnishing to the public of any service of the kind or character already being rendered or furnished by any public service company within the municipality, and such approval is only to be granted when the commission shall find that the approval of such application is necessary or proper for the service, accommodation, convenience or safety of the public. But this granting of the certificate does not determine either the validity or the scope of subsequent proceedings. It evidences only preliminary approval by the commission of the

institution of a negotiation or procedure for the attainment of the object sought. No action leading to acquisition of the property could be effectively undertaken until this approval had been secured. The time for action arrives only after such approval: Reiber v. Pub. Ser. Com., 83 Pa. Superior Ct. 507; Hege v. Pub. Ser. Com., 86 Pa. Superior Ct. 558; United Lighting Co. v. Pub. Ser. Com., 84 Pa. Superior Ct. 24. It is in evidence that the stock of the appellant is for sale and a price may be fixed on the property which will avoid the necessity of the consideration of the subject of condemnation.

The findings of the commission as to the value of the property are supported by evidence and for the purpose of the present inquiry must be sustained, as there is no other evidence which we are required to hold should have produced in the minds of the commission a different conclusion.

The objection that the order of the commission is defective in form is without merit; the statute does not prescribe a form. The finding is in harmony with the statutory requirement. To support the certificate of public convenience, it is not necessary that the commission exactly determine the ability of the municipality to purchase. The cost is to be determined after the permission to act is granted and in no case could there be a definite finding of cost until there had been a proper ascertainment thereof. It is an administrative matter and only taken into consideration in enabling the commission to determine the propriety of granting the certificate of public convenience sought by the petitioner. We refused to hold in United Lighting Co. v. Pub. Ser. Com., supra, that it was necessary for the borough to establish in that proceeding that it had sufficient borrowing capacity to acquire the plant for the reason that the amount to be paid for the property had not been agreed upon and could not be effectively fixed in a proceeding prior to the granting of the permis-

sion to make the acquisition. A review of the case satisfies us that the action of the commission is well supported on the facts and is not contrary to law. The appeal is therefore dismissed and the order of the commission sustained.