# Realf *versus* Realf.

1. If a libel in divorce set forth generally the causes of complaint, although without the particulars of time, place, &c., it satisfies the requirements of the Act of Assembly; if more be desired by the respondent, a demand should be made on the libellant for specifications.

2. In a libel for divorce for adultery, on demand for specifications, the libellant specified adultery with one individual named, " in the months of February, March and April 1872, in the city of Pittsburg ; exact time and place unknown," and " visiting, in August and September 1871, the house of ill-fame of A., in Virgin alley, Pittsburg, for the purpose of fornication with divers persons unknown to your petitioner." *Held*, a sufficient specification.

3. Evidence of improper intimacy with other men, and at other times and places than those mentioned in the specifications, not admissible.

5. Hancock's Appeal, 14 P. F. Smith 469, adopted.

October 9th 1874. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR and GORDON, JJ.

Appeal from the Court of Common Pleas of *Allegheny county :* No. 16, of October and November Term 1874.

This was a proceeding in divorce by Richard Realf against Catharine L. Realf. The libel was filed and the subpœna awarded, August 1st 1872.

The allegations in the libel were that the respondent had offered such indignities to the libellant's person as to render his condition intolerable and his life burdensome, and thereby forced him to withdraw from all association with her ; also that she had for a considerable time " given herself up to adulterous practices and been guilty of adultery with divers persons to your petititioner unknown."

On the 31st of August the respondent obtained a rule on the libellant, " to file a specification setting forth the names of the persons with whom the adultery charged is alleged to have been committed, and the dates and places where the same is alleged to

have been committed; also the nature and kind of the indignities alleged to have been committed and the time and place where committed."

The libellant filed his specifications November 27th 1872.

1. Divers acts of adultery with Daniel Neil in February, March and April 1872, in Pittsburg.   "Exact time and place unknown."

2. Respondent divers times in August and September 1871, visited the house of Annie Wilson, a place of ill-fame, in Virgin alley, Pittsburg, for the purpose of fornication with divers persons unknown to the libellant.

3. On two occasions respondent threatened libellant's life.

5. Respondent, for two years past, had followed libellant whenever she met him with curses, oaths and general bad behavior.

"Libellant avers that it is now impossible to give the particular acts of adultery committed by the respondent, the names of the particular persons with whom it was committed, the time and place of the offence, but expects to be able to prove the same fully on the trial of the libel."

By her answer the respondent expressly and categorically denied the allegations in the libel and the specifications; she also charged libellant with acts of · adultery with an individual named and others unknown to her, and also that he was in the habit of frequenting bawdy-houses.

Libellant filed a replication and the cause was tried February 13th 1873, before Collier, J.

The libellant testified to respondent pursuing him on many occasions with opprobrious epithets, &c.

Margaret Clinton testified that respondent told witness that she had lived in a bad house.   Witness being about to testify as to a man named Pass, respondent objected to witness testifying as to any alleged adultery with Pass, because no notice of adultery with him had been given in the libel or specifications.

The objection was overruled, and a bill of exceptions sealed.

Witness then testified as to the conduct of respondent with Pass; and also another man not named.

Other witnesses were called, and under similar objections and exception, testified as to libellant's conduct with other men not named in the specifications.

Rose Raney testified to acts of the respondent with Daniel Neil, tending to establish adultery with him.   She also testified, "Annie Wilson's was not a regular bad house, but it was not decent ; saw respondent and a man go into Annie Wilson's."

For respondent, Daniel Neil testified that he never had any improper intercourse with her.

There was testimony also by a sister of Rose Raney, that she was ".soft-witted " and not to be believed on oath.

[Realf v. Realf.]

The respondent testified, denying that she had committed adultery with Neil. There was also other testimony on her behalf.

The verdict was for the libellant and the court decreed a divorce. The respondent appealed to the Supreme Court and assigned for error, amongst other things, the admission of testimony of other acts than those stated in the libel and specifications.

J. L. Bigham and W. D. Moore, for appellant, cited Light v. Light, 17 S. & R. 273; Garrat v. Garrat, 4 Yeates 244; Breinig v. Breinig, 2 Casey 161; Hancock's Appeal, 14 P. F. Smith 470.

Bayne and Magee, for appellee.

Mr. Justice GORDON delivered the opinion of the court, November 9th 1874.

In Hancock's Appeal, 14 P. F. Smith 470, as well as in the case of Breinig v. Breinig, 2 Casey 161, it was held that if the libel sets forth generally the causes of the libellant's complaint, though unaccompanied by the particulars of time, place, &c., it is sufficient to satisfy the requirements of the Act of Assembly, and if the respondent requires anything more specific, he or she should demand of the libellant a specification of the particulars intended to be proved. That which is wanting in the petition may thus be supplied and the respondent fully informed of what he or she may be called upon to meet. This rule is so obviously just and proper that courts should not hesitate to enforce it strictly. In the case in hand the libellant was required to file a specification setting forth *inter alia* the names of the persons with whom the alleged adultery was committed, together with the dates and places.

In answer to this the libellant specified the commission of adultery by the respondent with one Daniel Neil, in the months of February, March and April 1872, " and that on divers occasions in August and September 1871, she visited a house of ill fame in Virgin alley, in the city of Pittsburg, for the purpose of committing adultery, with divers persons unknown to the petitioner."

We hold these specifications to have been sufficient, and had the proof agreed with the allegations the decree of divorce would have been well founded. Such however was not the case. The witness who testified to the improper intimacy between Neil and Mrs. Realf was proved, in the language of the witnesses, to have been " soft-witted or crazy," and besides this, Neil denied all improper intimacy with the respondent. So the house alleged to have been, a bawdy-house, and which Mrs. Realf frequented, was not proved to be such, or at least not with sufficient clearness to make out the complainant's cause.

27 P. F. SMITH—3

[Realf *v.* Realf.]

The court however permitted the libellant to go out of his specifications, and prove intimacy with other men, and at other times than those set forth, and in this manner to carry his case with the jury. This was a violation of the wholesome rule above referred to, and for this cause the proceedings must be reversed.

The decree in this case is accordingly reversed, and a *venire facias de novo* ordered.