### Kerr, Appellant, *v.* Kerr.

*Divorce—Alimony—Lien on real estate—Cruel and barbarous treatment.*
Alimony decreed to a wife where a divorce has been granted to the husband on the ground of cruel and barbarous treatment, is not a lien upon his real estate.

Argued Oct. 31, 1906. Appeal, No. 171, Oct. T., 1906, by plaintiff, from decree of C. P. No. 2, Allegheny Co., Oct. T., 1905, No. 851, dismissing bill in equity in case of William A.

642 KERR, Appellant, *v.* KERR.

Kerr v. Robert J. Kerr and Rose C. Kerr.   Before MITCH-
ELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and
STEWART, JJ.   Reversed.

Bill in equity for specific performance.   Before YOUNG, J.
The opinion of the Supreme Court states the case.
The court dismissed the bill.

*Error assigned* was decree dismissing the bill.

*J. S. Ferguson*, with him *E. G. Ferguson*, for appellant.—
The doctrine of alimony is based upon the common-law obli-
gation of the husband to support his wife, which is not removed
by a divorce obtained by her for his misconduct: York v.
York, 34 Iowa, 530 ; Harris v. Harris, 31 Gratt. (Va.) 13 ;
Thomas v. Thomas, 41 Wis. 229 ; Phila. v. Thiele, 10 Phila.
205.

The courts have held that a decree for alimony is not a
money decree, but a decree to enforce performance of a duty :
Ex parte Murray, 35 Fed. Repr. 496 ; Ex parte Perkins, 18
Cal. 60.

A decree for alimony is not assignable : In re Robinson,
L. R. 27 Ch. Div. 160 ; Jordan v. Westerman, 62 Mich. 170
(28 N. W. Repr. 826) ; Daniels v. Lindley, 44 Iowa, 567 ; Kemp-
ster v. Evans, 81 Wis. 247, 15 L. R. A. 391 (51 N. W. Repr.
327).

Alimony is not a debt " founded on a contract " within the
meaning of a statute providing for relief from such debts by a
discharge in insolvency : Noyes v. Hubbard, 64 Vt. 302 ; 15
L. R. A. 394 (23 Atl. Repr. 727).

Nor is it a " debt " within the constitutional inhibition of
imprisonment for debt, and the defendant may be held to an-
swer a rule for contempt in default of payment : Pain v. Pain,
80 No. Car. 322 ; Chase v. Ingalls, 97 Mass. 524.

Future payments of alimony cannot be made a lien on the
husband's real estate : Perkins v. Perkins, 16 Mich. 162 ; Olin
v. Hungerford, 10 Ohio, 268.

*William H. McClung*, with him *Thomas D. Chantler*, for
appellee.

OPINION BY MR. JUSTICE BROWN, January 7, 1907 :

William A. Kerr, the appellant, obtained a decree of absolute divorce from his wife, Rose C. Kerr, on the ground of her cruel and barbarous treatment of him. The proceeding was instituted under the Act of May 8, 1854, P. L. 644, as amended by the Act of June 25, 1895, P. L. 308, and alimony was allowed the wife, fixed at $720 per year. The decree of divorce, carrying with it the order for alimony, was made April 16, 1903, and was duly entered of record as a judgment against William A. Kerr in the judgment index of court on common pleas, No. 3, of Allegheny county. On August 25, 1905, the appellant entered into a written agreement with Robert J. Kerr, one of the appellees, to convey to him a certain lot of ground, to be free of all encumbrances. A deed was duly executed and tendered by the appellant to his vendee, who refused to accept it, for the reason that the land was encumbered by the said decree for alimony, and the single question before us on this appeal is whether that decree became a lien on the real estate of the husband. The court below, having been of opinion that it was a lien, dismissed the bill for specific performance. It was really to enforce the payment of purchase money by a vendor, for which his proper remedy would be an action in assumpsit on the common-law side of the court ; but the bill may be sustained for the reason that it was necessary to bring in the divorced wife to give her an opportunity to be heard in support of her claim that the order for alimony gave her a lien on the real estate of her husband. Without giving her an opportunity to be heard, a decree adjudging that the order was not a lien would not be binding upon her.

In the act of March 13, 1815, 6 Sm. L. 286, providing for the granting of divorces a vinculo matrimonii, no provision is made for alimony. In the supplemental act of February 26, 1817, 6 Sm. L. 405, providing for divorce from bed and board, there is a direction for the payment of alimony, but not that it shall be a lien on the real estate of the husband. By the Act of April 15, 1845, P. L. 455, a decree for alimony in favor of the wife, awarded under the act of 1817, is made a lien on the respondent's real estate, but in Groves's Appeal, 68 Pa. 143, the act of 1845 was strictly construed, and it was held that a lien for alimony not expressly granted by it did not

exist. In that case the court below held that an order for alimony pendente lite was a lien, but this was reversed, because statutory authority would have to be shown to make it a lien, and as the act of 1845 provided that an order for alimony became a lien only after a decree in divorce had been awarded, there was no authority to make the interlocutory order a lien. The act of 1845 was followed by the act of 1854, under which the appellant obtained his divorce. It is but an additional supplement to the act of 1815, and permits a husband to be divorced from his wife on the ground of cruel and barbarous treatment on her part. There is a direction in it that alimony shall be paid to the sinning wife by the wronged husband, but it is to be noted that nothing is said about the order for alimony being a lien. This is significant, and a natural conclusion is that, though less than ten years before the legislature had not only provided for alimony for a wronged wife, but directed that the order for it should be a. lien, such provision may have been purposely withheld in the latter act when the wife is the sinning respondent. Be this as it may, there is no statutory authority for making the order a lien against the husband's real estate, and, without such authority, it is not a lien : Groves's Appeal, supra.

Proceedings in divorce are statutory throughout, and alimony, one of its features, is just what the statute makes it. It is a lien against real estate only when it is declared to be so by the statute. No reasoning by analogy nor sentiment can make it a lien, and, if the wife of the appellant cannot point to the provision in the act of 1854 making the order for her alimony a lien against her husband's real estate, she does not have one.

It is contended by the learned counsel for the divorced wife that, under the authority of Hohman's Appeal, 127 Pa. 209, the decree for alimony to her ought to be a lien. In that case it was held that a balance due a committee of an habitual drunkard was within the provision of the Act of March 29, 1859, P. L. 289, making a decree in equity for the payment of money a lien upon real estate, and the order for the payment of the amount due by the estate of the habitual drunkard to his committee was declared to be a lien upon his real estate. The act of June 16, 1836, confers, in express words,

chancery powers upon the courts of common pleas in " the care of the persons and estates of those who are non compos mentis." " The custody of lunatics and habitual drunkards, and of their estates, is committed by law to the court of common pleas, which is a court of record. That court appoints and removes the committee at pleasure: 6 Harris, 434; and settles and adjusts the accounts of the committee. Herein it acts as a Court of Chancery, exercising a jurisdiction which in England is committed to Chancery, and exercising it in chancery forms of procedure. The final settlement of the committee's account is a decree in chancery, and is enforced by the usual remedies: " Vincent v. Watson, 40 Pa. 306. Proceedings in divorce are not in chancery, and this order for alimony cannot be construed to be " a decree in equity for the payment of money: " Groves's Appeal, supra. If it is not, it cannot be made a lien under the act of 1859, and, having no statutory authority for its existence as a lien, it is no encumbrance on the real estate of the appellant.

The decree of the court below is reversed, and it is ordered, adjudged and decreed that, upon delivery by the appellant to Robert J. Kerr of a deed for the premises mentioned in the bill, the latter pay the appellant $37,550, with interest from August 29, 1905, the costs on this appeal and below to be paid by the appellees.