## Abraham Epstein *v.* Bella Epstein, Appellant.

*Husband and wife—Divorce—Cruel and barbarous treatment—Indignities to the person—Reconciliation—Condonement—Renewal of proceedings.*

In a proceeding for divorce, the ground of which was cruel and barbarous treatment and indignities to the person, a reconciliation and resumption of marital relations do not constitute such a condonation of the offense as amounts to the abandonment of the suit.

Where in such a case the offensive conduct was renewed, libellant may issue an alias subpoena and proceed with the original action.

*Appeals—History of case—Argument—Testimony—Rules of Court —Assignments of error—Exceptions—Master—Appointment—Libel—Amendment—Permanent alimony—Acts of June 25, 1895, P. L. 308— April 4, 1925, P. L. 124.*

An assignment of error not based on exceptions filed in the court below may be dismissed without consideration, even though the proceeding be divorce in which the Commonwealth is an interested party.

A history of the case containing arguments and quotations from testimony infringes Rule 51 of the Superior Court.

An assignment of error complaining of the appointment of a master while a rule for a bill of particulars was pending, is without merit where the master held no meetings until after the bill was filed.

Where it appears by the docket entries that a rule to amend the libel was made absolute by agreement of counsel, failure to serve respondent personally with the petition to amend was not reversible error.

On the trial of a libel for divorce for cruel and barbarous treatment and indignities to the person, the failure of the master to report on permanent alimony is not reversible error. Under the Act of 1925, amending the Act of 1895, there is no obligation on the court to consider the question of permanent alimony.

Argued March 15, 1928. Appeals Nos. 155 and 160, October T., 1927, by respondent from decree and order of C. P., No. 3, Philadelphia County, March T., 1921, No. 1342, in the case of Abraham Epstein v. Bella Epstein. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Libel in divorce for cruel and barbarous treatment and indignities to the person. Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

The case was referred to Cornelius Haggerty, Jr., Esq., as master, who recommended that a decree of divorce be granted. On exception to the master's report the court dismissed the exceptions and granted a divorce. Respondent appealed.

*Errors assigned,* among others, were the findings of the master and the decree of the court.

*Abraham Wernick,* of *Evans & Wernick,* for appellant.

*Francis Chapman,* for appellee.

OPINION BY GAWTHROP, J., April 16, 1928:

This is an appeal from a decree of divorce granted to a husband on the ground of cruel and barbarous treatment and indignities to his person, rendering his condition intolerable and life burdensome. An examination of appellant's brief discloses a palpable disregard of our rules in several respects. We find no justification for a history of the case covering four and a half pages of the brief. Rule 51 of this court provides that the history of the case must not contain any argument or quotations from testimony. This history contains both. Of the twenty-four assignments of error filed, several complain of the action of the master appointed by the court below, but reference to the exceptions to the master's report discloses that the subjects of these assignments were not suggested to the court below by any exceptions filed. All such assignments we might properly dismiss without consideration, even though this be a proceeding for a divorce in which the Commonwealth is an interested party. An assignment of error in the appellate court must be to the action of the court below: Warner v. McMullin, 131 Pa. 370.

Our consideration of some questions not properly raised is no indication that we will do so again. We intend rather to warn counsel that in any appeal our rules are disregarded at their peril.

The first contention made in behalf of appellant is that the decree should be reversed because the master failed to examine the witnesses in detail upon the averments of the libel and answer and such other matters as shall appear relevant and material, and failed to summon and examine such witnesses as he had reason to believe had knowledge of the relevant and material facts, as required by Rules 183 and 184 of the Courts of Common Pleas of Philadelphia County. We do not purpose to discuss this matter since the question was not suggested to the master or in the court below, and is not so fundamental as to require consideration for the first time on appeal. Rules 183 and 184 of the court below were not brought into the record and, therefore, are not properly before us. We note, however, that appellant was represented before the master and in the court below by able and experienced counsel, who subjected the libellant and his witnesses to a thorough cross-examination. Any departure from the procedure required by the rules of court referred to was manifestly with the approval and consent of the parties, no objection having been made by either of them.

The next question presented to us is stated thus: "Will a divorce be sustained where the parties resumed cohabitation after the filing of the libel?" The record shows that a libel was filed March 5, 1921, and that a subpoena in divorce went out on the same day, returnable to the first Monday of May, 1921, and that it was returned N. E. I. Marital relations were resumed in May, 1921, at the solicitation of respondent's parents. The marital relations continued until about the end of January, 1922. It appears that upon the resumption of the marital relations, respondent again

began the same course of conduct which had caused the original breach, reference to which will appear later. On February 3, 1922, an alias subpoena was issued and served. From that time libellant and his wife, although living for a time under the same roof, did not occupy the same room, and there was no further resumption of marital relations. The contention of counsel for appellant is that the resumption of marital relations after the filing of the libel was a condonation by libellant which affected an abandonment of the action for divorce. We cannot give assent to this view. Unlike adultery, cruel and barbarous treatment and indignities to the person as a cause for divorce consist ordinarily not of a single act but of a course of conduct which renders a spouse's condition intolerable and life burdensome. In Hollister v. Hollister, 6 Pa. 449, one of the questions decided was "whether a reconciliation, after the abuse and ill-treatment alleged in the libel, and subsequent co-habitation, is a remission of the offense, and a bar to a divorce without proof of new outrages after the reconciliation." Judge Rice, in referring to that case in Augenstein v. Augenstein, 45 Pa. Superior Ct. 258, 264, said: "As we understand the case, it decided the question in the negative, at least so far as a divorce a mensa et thoro was concerned...... Even in those jurisdictions where it is held that the principles of condonation apply to cruelty and indignities to the person, they are held to apply with this proper qualification, that any conduct which, after a reconciliation of the parties, creates reasonable apprehension of personal violence, will revive the condoned cruelty." In Lacock v. Lacock, 74 Pa. Superior Ct. 378, this court said: "The effect of condonation of adultery as expressed in the statute does not apply to condonation of cruelty or indignities to the person. If such were the case, the fact that a wife continued to live with her husband after he had subjected her to physical violence or repeated indigni-

ties would prevent her from taking advantage of the statute intended to relieve in such a situation......
In the absence of a statutory prohibition a wife is not to lose her day in court because, through affection, or the interest of her children, or the reputation of the family, she is disposed to make another effort to avoid a domestic wreck.'' The use of the term condonation in such a case is somewhat inaccurate and misleading; for it is only a conditional forgiveness and evidence to show a settlement of difficulties, and not a defense or bar to the action. What was the effect of the reconciliation between these parties upon the pending action for a divorce? While it does not appear that this question has been decided by either of the appellate courts of this State, we think that neither any principle of law nor sound public policy requires us to hold that the suit abated, or that the attempted reconciliation amounted to an abandonment thereof. There would seem to be no more reason for holding that libellant no longer had the right to proceed with the pending suit than for holding that his original cause of action was gone. This was the conclusion reached in Harn v. Harn, 158 Ga. 502, in Egidi v. Egidi, 37 R. I. 481, and also in Moore v. Moore, 7 D. & C. 423, in which Judge Smith, of Court of Common Pleas of Philadelphia, discussed this question and cited numerous cases upon the subject. We hold, therefore, that it was not necessary for libellant to discontinue his original suit and begin de novo.

Another complaint is that the libel filed did not state where or when the alleged causes for divorce occurred. It is without merit. See Hancock's Appeal, 64 Pa. 470; Realf v. Realf, 77 Pa. 31. The fact that respondent was furnished with a bill of particulars is also a sufficient answer to this complaint.

The next proposition is that the master was appointed prematurely and the libel was not legally amended. It is urged that the filing of a rule for a

bill of particulars by the respondent April 21, 1925 ipso facto acted as a stay of proceedings and the court had no right to appoint a master on April 25, 1922, and that everything the master did after that time was illegal.   An examination of the docket entries shows that a rule for bill of particulars was filed on two dates, April 21, 1922 and May 3, 1922.   Counsel for appellant, who did not represent her at that time, ignored the second docket entry, which would make the appointment of the master entirely regular.   But in our view no harm resulted to appellant if the master was appointed while the rule for a bill of particulars was pending, because the master did not hold a meeting until December 19, 1922, which was subsequent to the filing of the bill of particulars on October 3, 1922. There is no merit in this complaint.   See McCune v. McCune, 31 Pa. Superior Ct. 248.

For answer to the argument that there was error in making absolute the rule to amend the libel because respondent was not served personally with the petition to amend, we deem it sufficient to state that it appears by the docket entries that the rule to amend was made absolute by an agreement of counsel, who then represented respondent.   There is no suggestion that the action of her counsel was collusive or fraudulent.   This complaint does not go to the jurisdiction of the court and after going to trial on the amended libel without raising this question in the court below it is too late to raise the question.   We add that the amendment did not allege any new ground for divorce, but merely alleged acts committed by respondent between the return of the original subpoena and the issuance of the alias subpoena, upon which respondent was brought into court.

The next complaint is that a decree of divorce should not have been granted upon the testimony produced. We have examined the evidence with care but do not purpose to discuss it at all.   We agree with the master

and the court below that it is ample to establish, and does establish, libellant's right to a divorce on the grounds averred in the libel. The testimony of libellant is corroborated by that of several witnesses. The respondent called no witnesses and her testimony is uncorroborated.

The last two complaints are that it was the duty of the master to report on the question of permanent alimony, and that the court erred in discharging respondent's rule for permanent alimony. It is a sufficient answer to the first proposition to state that in the exceptions to the master's report no complaint was made that he had not reported upon the subject of alimony. Respondent filed a petition for permanent alimony December 15, 1926, to which an answer was filed, setting up that the Act of April 4, 1925, P. L. 124, amended the Act of June 25, 1895, P. L. 308, by omitting the section of the earlier act authorizing the court granting a divorce to a husband on the ground of cruel and barbarous treatment and indignities to the person to allow alimony to the wife. Even under the Act of 1895 the matter of granting alimony in such a case was within the discretion of the court; but since the enactment of the statute of 1925, there was no obligation on the court to consider the question. This complaint is devoid of merit.

All of the assignments of error are overruled and the decree is affirmed.