HENRY OLIVER REA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 80265. Promulgated May 27, 1937.

*H. V. Blaxter*, *Esq.*, and *J. Garfield Houston*, *Esq.*, for the petitioner.

*J. E. Marshall*, *Esq.*, and *Allen T. Akin*, *Esq.*, for the respondent.

## OPINION.

ARUNDELL: The respondent's determination that the income of the trust here involved is taxable to the petitioner is based upon the theory that the trust was created by the petitioner pursuant to a separation agreement between him and his wife to provide alimony for her in discharge of his legal obligation to support her. It is well settled that where a trust is created by a husband for the benefit of his wife in discharge of his marital duty to support her, the income therefrom is taxable to the husband and not to the wife. *Douglas* v. *Willcuts*, 296 U. S. 1; *Commissioner* v. *Coxey*, 297 U. S. 694; *Commissioner* v. *Brooks*, 82 Fed. (2d) 173; *Commissioner* v. *Hyde*, 82 Fed. (2d) 174; *Albert C. Whitaker*, 33 B. T. A. 865. See also, *Commissioner* v. *Schweitzer*, 296 U. S. 551; *Commissioner* v. *Blumenthal*, 296 U. S. 664; *Commissioner* v. *Stokes*, 296 U. S. 551; *Commissioner* v. *Grosvenor*, 85 Fed. (2d) 2, reversing 31 B. T. A. 574; *Louis W. Hill*, 33 B. T. A. 891; affirmed in *Hill* v. *Commissioner*, 88 Fed. (2d) 941.

The petitioner herein testified that he had no understanding or agreement with his former wife, either oral or written, to set up a trust for her benefit, and that the trust was created pursuant to a desire on his part to give her a separate income irrespective of whether a reconciliation or a divorce took place. No alimony was prayed for by the wife in the divorce proceedings, which were commenced prior to the execution of the trust. The decree of divorce contains no provision for the support of the wife by the payment of alimony, or otherwise. The trust agreement does not show on its face that it was created to provide income for the support of the wife or in lieu of alimony, or that it constituted a settlement of the rights of the parties growing out of the marital relationship existing between them. It does not refer to a contemplated separation of the parties and contains no waiver or relinquishment by the wife of support or of her interest in petitioner's estate. The trust agreement provides that the net income from the trust be paid in monthly installments to Margaret Moorhead Rea during her natural life, without any directions, requirements, or limitations as to the use, distribution, or expenditure of such income by her. The instant proceeding is distinguishable from the above cases involving

income from trusts created by the husband for the wife in that therein either the separation agreement, decree of the court, or stipulation of the taxpayer and the Commissioner disclosed that the income involved was provided for and paid in lieu of alimony or the wife's interest in the husband's property. Furthermore, in all of the above cases there was an existing legal obligation on the part of the taxpayer, which obligation was discharged with the income derived from the trust created by the taxpayer.

Whether any legal obligation rested upon the taxpayer herein in 1932 to support his former wife is dependent upon the laws of the State of Pennsylvania. "Proceedings in divorce are statutory, and permanent alimony, one of its features, is purely a creature of statute law." *Hooks* v. *Hooks*, 187 Atl. (Pa.) 245, citing *Kerr* v. *Kerr*, 216 Pa. 641, 644; 66 Atl. 107, 108; and *Moore* v. *Moore*, 64 Pa. Super. Ct. 192, 194. In the latter case the court held that, except where the common law had been changed by statute, alimony could not be awarded upon an absolute divorce. The divorce laws of Pennsylvania, beginning with the Act of 1785 and up to and including the Act of May 2, 1929 (P. L. 1237), in so far as alimony is concerned, were reviewed in *Myers* v. *Myers*, 17 Pa. Dist. & County 236 (Sept. 23, 1931). The court therein concluded that:

\* \* \* historically, alimony has never been an incident of absolute divorce in Pennsylvania as a complete matter of right except from 1854 to 1895, from this latter year until 1925 it was a right solely contingent upon the discretion of the court, and since then it has not existed except in the case of insanity of one of the spouses.

See also *Epstein* v. *Epstein*, 93 Pa. Super. Ct. 398, where it was held that under the Act of April 4, 1925 (P. L. 124), amending the Act of June 25, 1895 (P. L. 308), there is no obligation on the court to consider the question of permanent alimony. In *Emerick* v. *Emerick*, 176 Atl. (Pa.) 509, a husband obtained in 1934 an absolute divorce, the wife being then confined to a hospital for the insane. Shortly thereafter and within the year the wife was discharged from the hospital and petitioned the court for a decree fixing the amount of her support. The Supreme Court of Pennsylvania held that, under the Act of May 2, 1929 (P. L. 1237) known as the Divorce Law, "To be entitled to the alimony, the wife must be insane" and that the "decree of the lower court should be modified so as to limit the payment of alimony during the period of respondent's [the wife's] insanity", the husband, however, being "entitled to credit for any payments made by him during the period from the time she was released until the time of recommitment." Under the Act of May 2, 1929, *supra*, the Court of Common Pleas of Pennsylvania is empowered to grant alimony as follows: (1) Permanent alimony for the support of an insane wife, and for the support of an insane husband if he

**1136**

has no sufficient estate in his own right for his support and the wife has sufficient means (sec. 45) ; (2) reasonable alimony *pendente lite*, in proper cases, to the wife upon her petition (sec. 46) ; and, in case of divorce from bed and board, such alimony as the husband's circumstances will admit of, but not exceeding one-third of his income (sec. 47). Section 55 of the same act provides that, after a decree nullifying or dissolving a marriage, "all and every the duties, rights, and claims" accruing to either spouse theretofore in pursuance of the marriage "shall cease and determine." It has been stated that a decree providing for permanent alimony is inconsistent with a decree nullifying a marriage under section 55. *Hooks* v. *Hooks, supra.* Under the laws of Pennsylvania as construed by its courts, a husband is not obligated after an absolute divorce to support his former wife. The income here involved is therefore not taxable to the petitioner on the ground that it was used to discharge a legal obligation. See *Commissioner* v. *Yeiser*, 75 Fed. (2d) 956.

The petitioner contends that he made a voluntary gift of the trust fund to his former wife. Whether or not the creation of a trust was a voluntary gift under the circumstances herein, it is not necessary for us to decide in view of our conclusion that no legal obligation existed to provide for the support of his wife after absolute divorce.

Even if the petitioner's purpose in creating the trust was to provide adequate support or financial security for his wife and to discharge his then existing obligation to support her, the divorce decree not having been granted until some days later, such obligation was discharged in full prior to 1932. Furthermore, there was no obligation on his part to support his former wife who had remarried in 1929. *Harry S. Blumenthal*, 34 B. T. A. 994, 996.

*Decision will be entered under Rule 50.*