## Strickler v. Strickler, Appellant.

Argued September 29, 1939.

Before KELLER, P. J., CUNNING-HAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*J. Channing Ellery,* with him *Frank O. Schlipp* and *Robert Mair,* for appellant.

*Joseph L. Fox,* for appellee.

OPINION BY STADTFELD, J., December 14, 1939:

On April 4, 1938, the libellant wife filed a libel in divorce a mensa et thoro against the respondent husband, charging him with indignities to the person and maliciously turning her out of doors. Respondent filed an answer thereto denying the charges.

Libellant filed a petition for counsel fees and alimony to which respondent filed an answer.

Depositions were taken and the matter argued before the court en banc and on October 27, 1938, the court made absolute the rule for alimony for $30 a week to commence as of September 19, 1938, said order having been made by PARRY, J.

On November 14, 1938, a stipulation of counsel was

signed and filed and presented to Judge PARRY for his signature, wherein it was agreed that the order of $30 per week be reduced to $25 per week, and the accumulated arrearages be liquidated at $200 up until the week of November 7, 1938.

The court refused to allow the stipulation saying, "it was not within the power of counsel to stipulate that the court's order be modified or changed in any way. That order must be obeyed. When it has been complied with, either of the parties may of course proceed by petition and rule for any change they may think proper. Stipulation disapproved and filed."

The respondent then appealed from the order of October 27, 1938.

We are not required to review the record and determine whether the earning capacity of the respondent, as distinguished from his actual earnings or income, (*Com. v. Sherrit*, 83 Pa. Superior Ct. 301, 304)—which was much less than $90 a week—(Sections 46 and 47 of the Act of May 2, 1929, P. L. 1237, as amended by the Act of May 25, 1933, P. L. 1020) justified an order of $30 a week, for in our opinion the parties were within their legal rights in stipulating—in the absence of any indication of fraud or overreaching on the part of either of them—that the amount of the order should thereafter be reduced to $25 per week and that the accumulated arrearages should be liquidated at $200, as of date of November 7, 1938.

The order was for the sole benefit of the wife and her stipulation in respect to its amount, concurred in by the husband, should have been accepted by the Court, in the absence of fraud or overreaching, of which no evidence was produced.

The order was not one which affected the dignity or prerogatives of the Court, but related to a matter which concerned only the parties themselves.

The order is modified to conform to the stipulation of November 14, 1938, at the costs of the appellant.