## Snyder v. Snyder

*Jacob Philip* and *James A. Wimmer*, for plaintiff.

*Martin H. Philip* and *Donald Lipson*, for defendant.

HEIMBACH, P. J., February 21, 1967.—Defendant in a divorce action seeks to take plaintiff's depositions. We have before us plaintiff's petition for a protective order, alleging, inter alia, that the purpose for the sought-for depositions under Pennsylvania Rule of Civil Procedure 4007 (a) is to harass plaintiff and cause him additional unwarranted expense and annoyance.

We will not consider any charge of harassment, since there is nothing before us to warrant our so considering.

We are of the opinion, however, that a protective order should be entered in the instant matter. The rules of civil procedure are, of course, applicable in a divorce action. Pa. R. C. P. 1121 (a) provides that an action in divorce is an action governed by the rules. Pa. R. C. P. 4001 (a) and 4024, governing depositions and discovery, when read together, provide, inter alia, that these rules shall apply to any civil action or proceeding at law. Under the provisions of the Procedural Rules Act of June 21, 1937, P. L. 1982, 17 PS §61, these rules are applicable to the courts of common pleas.

The rules specifically provide for the furnishing of a bill of particulars, on praecipe, in divorce proceedings: Pa. R. C. P. 1128. Since this is so, there is no need for depositions to be taken, other than to learn the identity and whereabouts of witnesses: Pa. R. C. P. 4007 (a), supra. Defendant, by such bill of particulars, will be apprised of the desired information to aid in the preparation or trial of the case. Defendant will actually be in a better position than he would be were

depositions to be taken, since plaintiff would be bound by the specifications made in the bill of particulars and could not rest a finding upon occurrences not specified: Realf v. Realf, 77 Pa. 31 (1874); Jarema v. Jarema, 30 Northamp. 40 (1945).

We are of the opinion that plaintiff's charge that he will suffer unreasonable annoyance and unwarranted expense if discovery proceedings are allowed is justified. He is entitled to have us invoke Pa. R. C. P. 4011 (b), which provides:

"No discovery or information shall be permitted which. . . .

"(b) causes unreasonable annoyance, embarrassment, expense or oppression to the deponent or any person or party".

Should defendant seek only, by this discovery proceeding, the identity and whereabouts of witnesses, upon a filed statement to that effect, we will remove the following

### ORDER

Now, to wit, February 21, 1967, plaintiff is granted the protective order prayed for and defendant is enjoined from taking plaintiff's depositions.