Black, J.
This is an action of contract brought by the plaintiff, Margaret F. Moore, on March 21, 1980, against the defendant, John L. Moore, seeking to recover monies allegedly due under a separation agreement entered into by the parties. Count I of the complaint asserts that on or about December 3, 1974, the plaintiff and the defendant entered into a written agreement by deliberate, affirmative action which was physically signed in Barnstable County, Commonwealth of Massachusetts, and that pursuant to the provisions of Article I, paragraph B, thereof the defendant agreed to pay the sum of $650.00 per month until such time as the plaintiff remarried or died, subject, however, to a yearly cost-of-living increase in addition to the said monthly payment. Under the terms of Article 111, paragraph E, of the agreement, the agreement was to ‘‘be incorporated in the decree nisi of the divorce action then pending in the Barnstable County Probate Court and shall not be merged in any such decree, but shall survive and be forever binding and conclusive on the wife and the husband and their respective heiis, successors and assigns.” (Emphasis added.) The complaint further specifies that the subject agreement was a tailor-made, bargained agreement, negotiated at arm’s length by independent counsel representing each of the parties so as to be fair and reasonable, that its terms are clear and unambiguous, that the plaintiff has not remarried, that there are no intervening circumstances, and that the defendant has breached the agreement, after having ratified and- fully performed its terms for a long time, by unilaterally reducing the monthly alimony from $650.00 per month to $450.00 per month, by failing to pay the cost-of-living increases, and by failing to pay child support in accordance with Article II, paragraph B, of the agreement. Count I sought $4,921.70 in back alimony, $3,499.05 in back child support, $305.00 in unreimbursed medical expenses, and $6,725.39 in *73 damages, plus interest and costs. Count II reasserted the same facts and prayed for damages totalling $8,725.39 in accordance with an account annexed reflecting amounts alleged to be due under the aforesaid agreement for the years 1975 through 1979.
The return of service indicates that on March 28,1980 the plaintiff s attorney caused a copy of the summons and complaint to be mailed by certified mail, return receipt requested, to the defendant’s last and usual place of abode in Sarasota, Florida, in accordance with G.L.c. 223A, § 6, and Mass. R. Civ. P., Rule 4(e), and that the said mail was delivered to and signed for by the defendant on April 1, 1980. A return receipt purportedly signed by one John L. Moore is included in the case file. On May 7,1980, a default was entered by the Clerk-Magistrate under Dist./Mun. Cts. R. Civ. P., Rule 55(a), by virtue of the failure of the defendant to plead or otherwise defend.
Thereafter, on May 29,1980, the defendant, by special appearance, moved to remove the default. On May 30, 1980, the defendant filed a document entitled “Notice of Special Appearance’ ’ in which he requested that his appearance be noted for the purpose of contesting jurisdiction. On the same date, the defendant filed a motion to remove the default, stating that the defendant had received only a copy of the complaint, but not the summons. On June 16, 1980, the matter was heard in the Orleans Division before Whitman, J., who ordered the motion to remove the default allowed, provided that the defendant file a general appearance in the action and a bond in the sum of $9, 500.00. Instead of complying with this order, the defendant, still-appearing specially, on June 24, 1980, filed a Motion to Dismiss under Dist./Mun. Cts. R. Civ. P., Rule 12(b)(1), alleging that the court lacked subject matter jurisdiction. In particular, the motion stated that the separation agreement declared upon had been “merged’ ’ into the final decree of the Probate Court and thus did not survive as an independent agreement. A copy of the Probate Decree in question was introduced without objection. The decree specified that the stipulation by and between the parties was “ .. .incorporated and merged into the Probate Decree and shall not survive as an independent agreement.’’.This was the only grounds asserted as a basis for the Motion To Dismiss.
On July 18,1980, the defendant’s Motion To Dismiss wasdenied. A memorandum of the court was attached to the order denying the motion in which Welsh, J., noted that there had been a prior motion to remove the default before Whitman, J., which had been provisionally allowed, but that the defendant had not complied with the order, but rather had filed a Motion To Dismiss under Dist./Mun. Cts. R. Civ. P., Rule 12(b)(1), based upon lack of subject matter jurisdiction. Therefore, Welsh, J., ruled that any defenses or objections available to the defendant at the time of making this motion which might have been asserted under Rule 12 were deemed waived, with the exception of matters described in Rule 12(h)(2). The court further concluded that the agreement in question continued to have independent legal significance, notwithstanding the Probate Decree, and that the agreement could be the subject of an action at law in the District Court Department for its enforcement as a contract. The defendant filed a draft report on July 28, 1980. The draft report was dismissed on July 30, 1980. On September 4, 1980, judgment was entered for the plaintiff under Dist./Mun. Cts. R. Civ. P., Rule 55(b)( 1), and notice thereof sent to the parties. The defendant’s draft report was duly filed on September 11, 1980. A hearing thereon was held September 23, 1980. Following various revisions the report was allowed September 26, 1980.
In this appeal, the defendant claims to be aggrieved by the court’s conditioning the removal of the defaults upon the filing of a general appearance and cash bond in the amount of $9,500.00, and by the denial of his Motion To Dismiss based on the court’s decision that the agreement in question continues to have independent legal significance so as to support an action at law in the District Court Department for its enforcement as a contract. As far as the defendant’s contention that he was aggrieved by the conditioning of the removal of the default upon the filing of a general appearance and a cash bond in *74 the amount of $9,500.00 is concerned, the record shows that the defendant failed to request a report under Rule 64(d) of the Dist./Mun. Cts. R. Civ. P. with respect to the court’s provisional allowance of his Motion To Remove Default and that the grounds therefor were not restated in his Motion To Dismiss. Accordingly, we agree with the trial court that any defenses or objections available to the defendant at the time of the making of the Motion To Dismiss which might have been asserted under Rule 12 of the Dist./Mun. Cts. R. Civ. P. were waived unless raised, with the exception of matters described in Rule 12(h)(2). Therefore, the sole matter raised by this appeal is whether there is subject matter jurisdiction to support the cause of action brought by the plaintiff.
In other states, voluntary agreements between husband and wife when the marital union is breaking up are generally looked upon with approval by the courts, and it has been said that they are highly favored in the law. For example, in Walters v. Walters, 409 Ill. 298, 99 N.E.2d 342 (1951), the court noted that parties to a divorce action are to be commended for attempting to settle their interests amicably, since “this not only saves the courts from being fraught with detail, and the necessity of repeated, recurrent healings, but leads to better feeling and peace of mind among the litigants.” Consequently, the case holds that judicial review of separation agreements should be exercised circumspectly, sparingly, and with a persistent view to encouragement of the parties settling their own differences in connection with negotiation of property settlement provisions. Furthermore, where there has been a full disclosure between the parties, not only of all relevant facts, but also of their contextual significance, and there has been an absence of inequitable conduct or other infirmity which might vitiate execution of the agreement, courts should not intrude so as to redesign the bargain arrived at by the parties on the ground that judicial wisdom in retrospect would view one or more of the specific provisions as improvident or one-sided (Christian v. Christian, 42 N.Y.2d 63, 365 N.E.2d 849 [1977]). Likewise, many courts hold that support provisions contained in a separation agreement should not be disturbed unless there is a showing of fraud or that the agreement was not fair and equitable when made, or unless there has been an unanticipated and unreasonable change of circumstances (Bender v. Bender, 405 N.Y.S. 2d 188 [Fam.Ct.1978]). In fact, there is substantial authority for the view that a valid contract of support of the wife is binding on the divorce court and that the divorce court does not have the power to modify it or to award more or less than was agreed upon (see Underwood v. Underwood, 64 So.2d 281 [Fla. 1953]; North v. North, 339 Mo. 1226, 100 S.W.2d 582 [1936]; Galusha v. Galusha, 116 N.Y. 635, 22 N.E. 1114 [1889]; Archbell v. Archbell, 158 N.C. 408, 74 S.E. 327 [1912]; Swanson v. Swanson, 48 Ohio App. 2d 85, 355 N.E. 2d 894 [1976];Lyall v. Lyall, 240 Pa. Super. 649, 361 A.2d 367 [1976]; Rhinehart v. Rhinehart, 52 Wyo. 363, 75 P.2d 390 [1938]). The courts are not, however, unanimous in this view (see Williams v. Williams, 261 Ala. 328, 74 So. 2d 582 [1954]; Bamesberger v. Bamesberger, 238 Iowa 492, 28 N.W. 2d 28 [1974]; Knabe v. Knabe, 176 Md. 606, 6 A.2d 366 [1939]; Ballin v. Ballin, 78 Nev. 224, 371 P.2d [1962]; Brown v. Brown, 198 Tenn. 600, 281 S.W.2d 492 [1955]; see also 61 ALR 3d 520 and 24 AM.JUR. 2d, DIVORCE AND SEPARATION § 906).
A review of Massachusetts case authorities discloses that the Probate Courts clearly have the authority and duty to review separation agreements in light of the statutory criteria and that while the judge is not bound by the agreement, he should uphold it if it is “fair and reasonable” in the circumstances (Knox v. Remick, 371 Mass. 433 [1976]; Brady v. Brady, Mass. Adv. Sh. [1980] 1053 at 1061). Furthermore, whether such agreements survive the divorce decree is a question of the intent of the parties which is to be ascertained by reading the entire agreement (Fabrizio v. Fabrizio, 316 Mass. 343 [1944]; Hills v. Shearer, 355 Mass. 405 [1969]; Surabian v. Surabian, 362 Mass. 342 [1972]). Where the separation agreement exists independently of the divorce decree, it may be enforced in a contract action (Gerrig v. Sneirson, 344 Mass. 518 [1962]; *75 Surabian v. Surabian, supra).
In this case, the agreement expressly provided that notwithstanding its incorporation into the divorce decree it should not be merged into the decree, but should survive and be “forever binding and conclusive” upon the parties, their heirs, successors and assigns. Clearly, then, the parties intended the agreement tc survive the final divorce decree. While the husband and wife cannot by contract deprive the Probate Court of the power to consider their relation in connection with their contract and all other facts material to the issues properly before it, in the absence of fraud, inequitable conduct, or other infirmity, the better rule would seem to be that the separation agreement should not be disturbed and that it should survive the divorce decree as an independently enforceable contract (Brady v. Brady, supra). Since the separation agreement in this case was incorporated into the divorce decree without modification, we would conclude that the Probate Court found no infirmity or fundamental unfairness concerning any of its provisions. Under these circumstances, we hold that the separation agreement survived the divorce decree as a separate and independently enforceable contract notwithstanding the fact that the divorce decree expressly states that the agreement is incorporated and merged into the probate decree and that it shall not survive as an independent agreement.
Therefore, we find no error in the denial of the defendant’s Motion To Dismiss. The report is dismissed.

So Ordered.